UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES VALANDINGHAM,　　　　　　　　　　　　Case No. 1:16-cv-649

　　　　Plaintiff,　　　　　　　　　　　　　　　Judge Timothy S. Black

vs.

SPRINGLEAF FINANCIAL SERVICES, *et al.*,

　　　　Defendants.

## ORDER GRANTING
## DEFENDANT BENEFICIAL FINANCIAL'S MOTION TO DISMISS (Doc. 8)

This civil action is before the Court on Defendant Beneficial Financial's[1] motion to dismiss (Doc. 8) and the parties' responsive memoranda (Docs. 9, 10).

### I.　　FACTS <u>AS ALLEGED</u> BY THE PLAINTIFF

For purposes of this motion to dismiss, the Court must: (1) view the complaint in the light most favorable to the Plaintiff; and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

In 1998 or 1999, Plaintiff James Valandingham and his wife, Kathleen Valandingham, entered into a home equity loan secured against real property located at 919 Greenwood Lane, Trenton, OH 45067 (the "Loan"). (Doc. 1 at ¶ 2; Ex. 10). The Loan was originated by Beneficial Mortgage Co. of Ohio. (*Id.*, Ex. 10). Beneficial sold the Loan to Defendant Springleaf Finance, Inc. on or around April 1, 2013. (*Id.*, Ex. 11). Springleaf began servicing the loan on or around September 1, 2013. (*Id.*, Ex. 10). On July 29, 2014, the Loan was discharged under Section 1328(a) of Title 11 of the United

---

[1] Plaintiff also sued Defendant Springleaf Financial Services. (*See* Doc. 1).

States Bankruptcy Code, pursuant to an order issued by the United States Bankruptcy Court for the Southern District of Ohio. (*Id.* at ¶ 4; Ex. 1).

More than one year later, on July 31, 2015, Plaintiff sent a Qualified Written Request ("QWR") to Beneficial pursuant to RESPA. (Doc. 1, Ex. 3). The QWR requested certain information regarding Plaintiff's account. (*Id.*) Beneficial did not respond. Plaintiff sent another QWR (through counsel) to Beneficial by letter dated February 25, 2016. (*Id.*, Ex. 5). Beneficial responded by letters dated December 1, 2015 and January 8, 2016. (*Id.*, Exs. 9, 11). In its response, Beneficial confirmed that it had sold Plaintiff's loan to Springleaf in 2013 and provided Springleaf's contact information. (*Id.*, Exs. 4, 11).

Plaintiff alleges that the lack of a substantive response left him without answers about his loan. Plaintiff asserts three claims against Beneficial: (1) violations of RESPA (Count One); (2) violations of TILA (Count Three); and (3) breach of contract (Count Four).

## II.     STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

2

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*.

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id*. (*citing* Fed. Rule Civ. P. 8(a)(2)).

## III. ANALYSIS

### A. RESPA Claim

A QWR is a correspondence that "identifies a borrower's account and 'includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.'" *Both v. CitiMortgage Inc.*, 756 F.3d 178, 181 (2d Cir. 2014) (quoting 12 U.S.C. § 2605(e)(1)(B)(ii)). "Under RESPA, a servicer of a federally related mortgage loan may be liable for damages to a borrower if it fails to adequately respond to a qualified written request[.]" *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1145 (10th Cir. 2013). A "servicer" is defined as "the person responsible for servicing of a loan," and "servicing" means "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan[.]" 12 U.S.C. § 2605(i)(2), (i)(3).

A QWR is "untimely" if it is "delivered to a servicer more than one year after servicing for the mortgage loan that is the subject of the information request was transferred from the servicer receiving the request for information to a transferee servicer." 12 C.F.R. § 1024.36(f)(1)(v)(A). Here, Plaintiff sent his first QWR to Beneficial on July 31, 2015. (Doc. 1 at ¶ 4). However, Beneficial transferred the servicing rights to the Loan to Springleaf no later than September 1, 2013. (*Id.*, Ex. 11). Therefore, Plaintiff's QWRs were untimely and Beneficial cannot be held liable for violations of RESPA. *See, e.g., Jones v. Wells Fargo Home Mortg. Inc.*, No. 10-c-0008, 2014 U.S. Dist. LEXIS 110838, at *12 (N.D. Ill. Aug. 12, 2014) ("[A]t the time ASC

received Ms. Jones's letter, ASC had ceased servicing Ms. Jones's Mortgage Loan and ASC was no longer bound by RESPA requirements to furnish Ms. Jones information."); *Kassem v. Ocwen Loan Servicing, LLC*, No. 1:14cv11143, 2015 U.S. Dist. LEXIS 124883, at *24-25 (Sept. 18, 2015) (E.D. Mich. Sept. 18, 2015) (RESPA claim "not plausible" where QWR was sent on October 28, 2013, but defendant transferred servicing rights more than one year before).

Plaintiff argues that there is no provision in RESPA that permits a servicer to ignore or not respond to a QWR. However, since Beneficial was not the servicer when it received the QWRs, it had no duty to furnish Plaintiff information. Furthermore, "a servicer is not required to comply with the requirements [of RESPA] if…the information request is delivered to a servicer more than one year after…the mortgage loan is discharged." 12 C.F.R. § 1024.36(f)(1)(v)(B). Here, Plaintiff's Loan was discharged on July 29, 2014. (Doc. 1 at ¶ 3). Plaintiff's first QWR to Beneficial was not sent until July 31, 2015, more than one year later. For this separate and independent reason, Plaintiff's QWRs were also untimely and insufficient to give rise to liability under RESPA.

Accordingly, Plaintiff's claim for violations of RESPA fail as a matter of law.

### B. Breach of Contract

One of the terms of the mortgage contract between Plaintiff and Beneficial was that the mortgagee shall abide by federal law and regulations, including RESPA. Accordingly, Plaintiff claims that Beneficial breached the contract when it failed to properly respond to Plaintiff's QWRs. However, since Beneficial was not the "servicer"

and the QWRs were untimely, Beneficial could not have breached any contractual clauses requiring compliance with RESPA.

Therefore, Plaintiff's breach of contract claim fails as a matter of law.

### C. TILA Claim

Finally, Plaintiff asserts a claim against Beneficial under the Truth in Lending Act ("TILA"). (Doc. 1 at ¶¶ 84-86). TILA requires a servicer to respond to a written request "to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation." 15 U.S.C. § 1641(f)(2). Plaintiff alleges that Beneficial violated the TILA by failing to provide him with Springleaf's contact information (to whom Beneficial sold the Loan and transferred the servicing rights).

"Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation." 15 U.S.C. § 1641(f)(2). "[A]ny creditor who fails to comply with any requirement imposed [by TILA]…including any requirement under…subsection (f) or (g) of section 1641…is liable[.]" 15 U.S.C. § 1640(a). "Although the Act does not contain a time limit for providing the information, courts have concluded that a violation occurs either after a reasonable time has passed since the obligor sent a request without the servicer having sent any response, or…when the servicer sends an inadequate response to that request."

6

*Marais v. Chase Home Fin., LLC*, No. 2:11cv314, 2012 U.S. Dist. LEXIS 137893, at *9 (S.D. Ohio), *rev'd in part on other grounds*, 736 F.3d 711 (6th Cir. 2013).

As the Court discussed *supra* at Section III.A, since Beneficial was not the "servicer" when it received Plaintiff's QWR requests, it cannot be held liable under TILA. Accordingly, Plaintiff's TILA claims fail as a matter of law.

## IV. CONCLUSION

For these reasons, Defendant Beneficial's motion to dismiss (Doc. 8) is **GRANTED** and Beneficial Financial I, Inc. is **TERMINATED** as a party to this litigation.

**IT IS SO ORDERED**.

Date:  10/31/16

*Timothy S. Black*
Timothy S. Black
United States District Judge